**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTINE REID,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:16-cv-3656** |
| | § | |
| **AMERICAN EAGLE PROTECTIVE** | § | **JURY DEMANDED** |
| **SERVICES CORPORATION,** | § | |
| *Defendants.* | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

   **NOW COMES**, Christine Reid (hereinafter "Plaintiff") for cause of action against Defendant American Eagle Protective Services Corporation (AEPS) (hereinafter "Defendant") and would respectfully show the Court as follows:

### I.   PARTIES

1.   Plaintiff, Christine Reid, is an individual residing in Houston, Harris County, Texas.

2.   Defendant, the American Eagle Protective Services Corporation, is a domestic for-profit Corporation in the State of Texas. Defendant may be served with process by serving its Registered Agent, Bredgitt Walker, 7700 Chevy Chase Drive, Suite 230, Austin, Texas 78752-1562.

### II.   JURISDICTION

3.   The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff alleges claims arising under the laws of the United States.

*Plaintiff's Original Complaint*                                                                 Page **1** of **12**

### III.   VENUE

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of Texas, Houston Division, as a substantial part of the events or omissions giving rise to Plaintiff's claim(s) occurred in this district.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      All conditions precedent to jurisdiction have occurred or been complied with:   A Charge of Discrimination was filed jointly with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission-Civil Rights Division ("TWC-CRD"). Plaintiff's Original Complaint was filed within ninety days of receipt of the EEOC's Right to Sue letter. *See* Exhibit A.   Accordingly, Ms. Reid has exhausted her administrative remedies as it relates to her claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code.

### V.   FACTS

6.      Plaintiff, Christine Reid was a Security Officer with American Eagle Protection Services from November 10, 2012 until she was terminated on May 25, 2014.

7.      Her final position with AEPS was a contract assignment with the U.S. Army Corp of Engineers in Galveston, Texas.  Ms. Reid was pleased with her job and by all accounts her work was satisfactory until she underwent major surgery in the fall of 2013.  Although the surgery went well, the recovery phase required her to take steroid injections causing her weight to fluctuate.  As a result of her post surgery recovery, including the prescribed steroid injections and fluctuating weight, she experienced discrimination from her direct supervisor at AEPS.

8.     During the final year of her tenure at AEPS, Ms. Reid was supervised by Sgt. Donn Cotlone.  In this role, Sgt. Cotlone missed no opportunity to taunt and intimidate her because of her national origin and medical condition.  After she returned from surgery he constantly singled her out for impromptu weight and fitness for duty examinations.  Ms. Reid was the only officer of Jamaican ancestry on staff, which made Sgt. Cotlone's targeting of her more noticeable. While threatening to terminate Ms. Reid for violating the Company's policy he often remarked that she could get another job "because she was Jamaican."  He used her national origin and condition as an excuse to reduce her hours, taking some of her shifts for himself or assigning them to staff outside of her protected classification.

9.     Ms. Reid complained to the Company's Human Resources department about the treatment that she was receiving from Sgt. Cotlone.  This only made things worse as he became increasingly combative with her when they worked together.  On May 25, 2014 he again singled her out for a weight examination.  Despite Ms. Reid's documented medical condition, Sgt. Cotlone claimed that her weight exceeded AEPS standards and fired her on the spot.  As he processed her termination paperwork he referenced her complaint to Human Resources stating "let's see how you get out of this one."

## VI.     CAUSES OF ACTION

## COUNT 1: TITLE VII NATIONAL ORIGIN DISCRIMINATION

10.     Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to refuse to hire or to discharge an individual, or otherwise discriminate against any individual because of that individual's race or national origin."  *See* 42 U.S.C. § 2000e-2.

11.     Pursuant to 42 U.S.C. § 2000e-2, Christine Reid pleads a cause of action against

Defendant AEPS for national origin discrimination.

12.     The allegations contained in all paragraphs of this Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

13.     Defendant AEPS intentionally engaged in unlawful employment practices involving Plaintiff, a Jamaican-American employee, by terminating her employment because of her national origin.

14.     Plaintiff was singled out by her supervisor for weight examinations in a manner that greatly exceeded her non-Jamaican colleagues.  The Company's administration of its weight policies was wildly inconsistent and primarily used to punish Ms. Reid.  On the rare occasion that her non-Jamaican colleagues were subjected to weight examinations, Sgt. Cotlone would adjust the result to insure that the officers passed the examination.  By contrast, he threatened her with termination stating that she could get another job "because she was Jamaican."

15.     Plaintiff alleges that she was terminated from her position due to her national origin (Jamaican) in violation of Title VII of the Civil Rights Act of 1964.

## COUNT 2: TITLE VII RETALIATION

16.     Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to retaliate against any individual who "has opposed any practice made unlawful under the stature" *See* 42 U.S.C. § 2000e-3(a).

17.     Pursuant to 42 U.S.C. § 2000e-3(a), Christine Reid pleads a cause of action against Defendant AEPS for retaliation.

18.     The allegations contained in all paragraphs of this Complaint are hereby incorporated by

reference with the same force and effect as if set forth verbatim.

19.    Plaintiff Christine Reid engaged in protected activity by complaining to the Human Resources Department at AEPS regarding the treatment that she was receiving from her supervisor Sgt. Cotlone.  Her complaints included Sgt. Cotlone's inconsistent application of the Company fitness policies, failure to accommodate her disability and constant references to her national origin (Jamaican).

20.    In response to her H.R. complaint, Sgt. Cotlone escalated his pattern of discrimination and abuse.  He singled her out for additional weight examinations and eventually terminated her employment.  In processing her termination paperwork he made reference to her H.R. complaint remarking "let's see how you get out of this one."

21.    The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

22.    Plaintiff alleges that she was subjected to additional fitness examinations and eventually terminated from her position in retaliation for her internal H.R. complaint in violation of Title VII of the Civil Rights Act of 1964.

## COUNT 3: DISABILITY DISCIMINATION

23.    The Americans with Disabilities Act prohibits discrimination against persons with disabilities because of the disability and requires employers to make reasonable accommodations to the known limitations of a qualified individual with a disability.  *See* 42 U.S.C. § 12112(a).

24.    Pursuant to 42 U.S.C. § 12112 Plaintiff Christine Reid pleads a cause of action against the Defendant for disability discrimination.

25.     The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

26.     The Defendant engaged in discrimination and harassment against Plaintiff, a qualified person with a disability.  As a direct result of her recovery from major surgery, the Defendant subjected her to numerous examinations under the Company's weight policy.  This policy was not administrated fairly or evenly and was primarily used as a tool to punish Ms. Reid. Plaintiff's supervisor routinely adjusted the results of the examination to permit her non-disabled colleagues to pass the examination.  Ms. Reid was held to a higher standard because of her disability after notifying the Company of the side effects of medication that she was prescribed by her doctor following surgery.

27.     The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise affected her status as an employee.

28.     The Plaintiff alleges that the Defendant failed to accommodate her disability and ultimately fired her in violation of the Americans with Disabilities Act.

## COUNT 4: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

29.     The Americans with Disabilities Act prohibits retaliation against a person who has opposed discrimination.  The Act also makes it unlawful to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of employment, or on account of her having exercised any right protected by the statute.  *See* 42 U.S.C. § 12203(a)-(b).

30.     Pursuant to 42 U.S.C. § 12203 Plaintiff Christine Reid pleads a cause of action against the Defendant for retaliation.

31.     The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

32.     Plaintiff Christine Reid engaged in protected activity by reporting her supervisor's discriminatory weight examinations to the Human Resources department at AEPS.  She reported that her supervisor had singled her out for frequent weight examinations after returning from surgery and while experiencing the side effects of steroid injections prescribed by her treating physician.  As a result of her complaint, her supervisor increased the frequency of her weight examinations in a manner that greatly exceeded her non-disabled colleagues.  As a direct result of these examinations, the Plaintiff was ultimately terminated from her position.  The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

33.     Plaintiff alleges that Defendant retaliated against her by subjecting her to multiple weight examinations and ultimately terminated her employment in violation of the Americans with Disabilities Act.

## COUNT 5: NATIONAL ORIGIN DISCRIMINATION UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

34.     Chapter 21 of the Texas Labor Code makes it unlawful for an employer to refuse to hire or to discharge an individual, or otherwise discriminate against any individual because of that individual's race or national origin."  *See* Tex. Lab. Code Ann. § 21.051.

35.     Pursuant to Section 21.051 of the Texas Labor Code, Plaintiff Christine Reid pleads a cause of action against Defendant AEPS for national origin discrimination.

36.     The allegations contained in all paragraphs of this Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

37.     Defendant AEPS intentionally engaged in unlawful employment practices involving Plaintiff, a Jamaican-American employee, by singling her out for numerous fitness examinations and terminating her employment because of her national origin.

38.     Plaintiff was singled out by her supervisor for weight examinations in a manner that greatly exceeded her non-Jamaican colleagues.  The Company's administration of its weight policies was wildly inconsistent and primarily used to punish Ms. Reid.  On the rare occasion that her non-Jamaican colleagues were subjected to weight examinations her supervisor would adjust the result to insure that the officers passed the examination.  By contrast, he threatened her with termination stating that she could get another job "because she was Jamaican."

39.     Plaintiff alleges that she was singled out for numerous fitness examinations and terminated from her position due to her national origin (Jamaican) in violation of Chapter 21 of the Texas Labor Code.

## COUNT 6: CHAPTER 21 RETALIATION

40.     Chapter 21 of the Texas Labor Code makes it unlawful for an employer to retaliate against any individual who has opposed any practice made unlawful under the stature" *See* Tex. Lab. Code § 21.055.

41.     Pursuant to Section 21.055 of the Texas Labor Code, Christine Reid pleads a cause of action against Defendant AEPS for retaliation.

42.     The allegations contained in all paragraphs of this Complaint are hereby incorporated by

reference with the same force and effect as if set forth verbatim.

43.     Plaintiff Christine Reid engaged in protected activity by complaining to the Human Resources Department at AEPS regarding the treatment that she was receiving from her supervisor Sgt. Cotlone.  Her complaints included Sgt. Cotlone's inconsistent application of the Company policies, failure to accommodate her disability and constant references to her national origin (Jamaican).

44.     In response to her protected activity, Sgt. Cotlone escalated his pattern of discrimination and abuse.  He singled her out for additional weight examinations and eventually terminated her employment.   While processing her termination paperwork he made reference to her H.R. complaint remarking "let's see how you get out of this one."

45.     The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

46.     Plaintiff alleges that she was terminated from her position in retaliation for her internal H.R. complaint in violation of Chapter 21 of the Texas Labor Code.

## COUNT 7: CHAPTER 21 DISABILITY DISCIMINATION

47.     Chapter 21 of the Texas Labor Code prohibits discrimination against persons with disabilities because of the disability and requires employments to make reasonable accommodations to the known limitations of a qualified individual with a disability.  *See* Tex. Lab. Code Ann. §§ 21.051, 21.128.

48.     Pursuant to Section 21.051 of the Texas Labor Code Plaintiff Christine Reid pleads a cause of action against the Defendant AEPS for disability discrimination.

49.     The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

50.     The Defendant engaged in discrimination and harassment against Plaintiff, a qualified person with a disability.  As a result of her recovery from major surgery, the Defendant subjected her to numerous fitness examinations under the Company's weight policy.  This policy was not administrated fairly or evenly and primarily used as a tool to punish Ms. Reid.  Plaintiff's supervisor routinely adjusted the results of the examination to permit her non-disabled colleagues to pass the examination.  Ms. Reid was held to a higher standard because of her disability after notifying the Company of the side effects of steroid medication that she was prescribed by her treating physician following surgery.

51.     The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise affected her status as an employee.

52.     The Plaintiff alleges that the Defendant failed to accommodate her disability and ultimately fired her in violation of Chapter 21 of the Texas Labor Code.

## COUNT 8: RETALIATION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE

53.     Chapter 21 of the Texas Labor Code prohibits retaliation against a person who has opposed discrimination.  *See* Tex. Lab. Code § 21.055.

54.     Pursuant to Section 21.055 of the Texas Labor Code Plaintiff Christine Reid pleads a cause of action against the Defendant for retaliation.

55.     The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

56.      Plaintiff Christine Reid engaged in protected activity by reporting her supervisor's discriminatory weight examinations to the Human Resources department at AEPS.  She reported that her supervisor had singled her out for frequent weight examinations after returning from surgery and while experiencing the side effects of steroid injections prescribed by her treating physician.  As a result of her complaint, her supervisor increased the frequency of her weight examinations in a manner that greatly exceeded her non-disabled colleagues.  As a direct result of these examinations the Plaintiff was ultimately terminated from her position.  The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

57.      Plaintiff alleges that Defendant retaliated against her by subjecting her to multiple weight examinations and ultimately terminated her employment in violation of Chapter 21 of the Texas Labor Code.

## VII.    JURY DEMAND

58.      Plaintiff demands a jury on all issues to be tried in the matter. Plaintiff has submitted the jury demand and herein submits the jury fee.

## VIII.    PUNITIVE DAMAGES

59.      Plaintiff would further show that the acts and omissions of the Defendant complained of herein were committed with malice or reckless indifference to her protected rights.  In order to punish said Defendant from engaging in unlawful employment practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery of punitive damages.

## IX.   <u>PRAYER</u>

60.     For the reasons set forth above, Plaintiff Christine Reid respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against the Defendant for damages in an amount within the jurisdictional limits of the Court; **punitive damages**, together with interest as allowed by law; costs of court, attorney's fees, reinstatement and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,



By: _____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District No: 713316
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Ronald E. Dupree
Texas Bar No.: 24055433
Southern District No.: 1046738
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Ronald.dupree@kennardlaw.com

*Plaintiff's Original Complaint*                                     Page **12** of **12**