UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| CHRISTINE REID, | § | |
|---|---|---|
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-3656 |
| | § | |
| AMERICAN EAGLE PROTECTIVE | § | |
| SERVICES CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a partial motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) filed by defendant American Eagle Protective Services Corporation ("American Eagle"). Dkt. 9. Alternatively, American Eagle moved to dismiss for failure to state a claim under Rule 12(b)(6). *Id.* at n.1. Plaintiff Christine Reid ("Reid") filed a response. Dkt. 16. American Eagle did not file a reply. Having considered the motion, response, and other relevant materials in the record, the court is of the opinion that American Eagle's motion to dismiss should be DENIED.

**I. BACKGROUND**

Reid filed this employment discrimination action against her former employer, American Eagle. Dkt. 1 at 2. American Eagle hired Reid to work as a security officer. *Id.* Reid worked for American Eagle for eighteen months. *Id.*

American Eagle contracted with the U.S. Army Corps of Engineers ("USACOE") for security services. *Id.* At some point, American Eagle assigned Reid to work as part of the USACOE contract. *Id.* During that assignment, Reid underwent major surgery. *Id.* The post-surgical recovery

process required Reid to take steroid injections. *Id.* Those injections caused her weight to fluctuate. Dkt. 1 at 2. At the same time, Reid alleges that her supervisor Sergeant Donn Coltone discriminated against her on the basis of her national origin and medical condition. *Id.* at 3. In particular, Reid alleges that American Eagle discriminated and retaliated against her in violation of: (1) Titles I and V of the Americans with Disabilities Act ("ADA"); (2) Title VII of the Civil Rights Act of 1964; and (3) Chapter 21 of the Texas Labor Code. *Id.* at 3–10. American Eagle alleges that it terminated Reid for failing to comply with USACOE-mandated weight requirements. Dkt. 9 at 2. American Eagle asks this court to dismiss all of Reid's disability discrimination claims under either Rule 12(b)(1) or Rule 12(b)(6). *Id.* at 1, 3.

## II. LEGAL STANDARD

### A.   Lack of Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts have limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1) a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

### B.   Failure to State a Claim

Rule (8)(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 127 S. Ct. 1955 (2007) (internal quotation omitted). In considering a Rule 12(b)(6) motion to dismiss, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v.*

*Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. When considering a motion to dismiss for failure to state a claim, "a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### III. ANALYSIS

**A.     Lack of Subject Matter Jurisdiction**

American Eagle moves to dismiss Reid's ADA and Texas state law claims under Rule 12(b)(1). Dkt. 9 at 1. American Eagle asserts that this court lacks subject matter jurisdiction over Reid's claims because, as a government contractor, American Eagle has sovereign immunity. *Id.* Reid argues that the government contractor defense is not a jurisdictional bar to this action. Dkt. 16 at 9.

"A [government] contractor may not be liable for harm resulting from its strict execution of a constitutionally authorized government order." *Kuwait Pearls Catering Co. v. Kellogg Brown & Root Servs., Inc.*, 853 F.3d 173, 185 (5th Cir. 2017) (Costa, J., dissenting in part) (citing *Yearsley*

3

*v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20–21, 60 S.Ct. 413 (1940) (refusing to impose liability on a federal government contractor for damage it caused to private property during contract performance). To establish the government contractor defense, the party acting on behalf of the government must show that:(1) its authority to perform the contract was validly conferred or (2) that it did not exceed its authority in performing the acts that caused the injury. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 206–07 (5th Cir. 2009).

However, the government contractor defense differs from sovereign immunity. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016). Unlike sovereign immunity, the government contractor defense is not an absolute bar to liability. *Id.* ("Do federal contractors share the Government's unqualified immunity from liability and litigation? We hold they do not."). And, unlike sovereign immunity, the applicability of the government contractor defense does not strip a court of subject matter jurisdiction. *Ackerson*, 589 F.3d at, 207.

Even if the government contractor defense applies to American Eagle, that defense does not strip the court of its subject matter jurisdiction. *Id.* As a result, American Eagle's 12(b)(1) motion to dismiss is **DENIED**.

**B.**     **Failure to State a Claim**

In the alternative, American Eagle moves—in a single footnote—to dismiss Reid's ADA and Texas state law claims under Rule 12(b)(6) on sovereign immunity grounds. Dkt. 9 at 1, n.1. Reid argues that American Eagle presents no evidence to support its motion. Dkt. 16 at 10. Reid also argues that no indication exists that American Eagle had insufficient notice of her claims. Dkt. 16 at 10.

American Eagle fails to present a sufficient basis for 12(b)(6) relief. It relies on a single ground for relief, namely the same (and only) ground it asserts under 12(b)(1). Dkt. 9 at 1, n.1. In particular, American Eagle asserts that "the immunity argument[] could also be presented and considered under 12(b)(6) for failing to state a claim." *Id.* Under the "immunity argument[,]" American Eagle contends: (1) that the government contractor defense applies; (2) it is thus entitled to sovereign immunity; and, (3) because it has sovereign immunity, the court lacks subject matter jurisdiction. *Id.* at n.1, 2, 5–6, 8–10. As explained above, the government contractor defense—without more—fails to defeat subject matter jurisdiction. *See supra* Section III.A. Likewise, an insufficient bar to subject matter jurisdiction—without more—does not constitute a sufficient ground for 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Thus, American Eagle provides no basis for dismissal under 12(b)(6). Therefore, American Eagle's 12(b)(6) motion to dismiss is **DENIED**.

## IV. CONCLUSION

Defendant American Eagle's 12(b)(2) motion to dismiss (Dkt.9) is **DENIED**. Additionally, American Eagle's 12(b)(6) motion to dismiss is **DENIED**.

Signed at Houston, Texas on October 6, 2017.

_____
Gray H. Miller
United States District Judge